O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY DALE BARGER, | ) | NO. CV 14-07043-VBF (MAN) |
| Petitioner, | ) ) | OPINION AND ORDER: |
| v. | ) ) | Summarily Dismissing the Habeas Petition Without Prejudice; and |
| DIRECTOR OF "OPS" AT CDCR, | ) ) | Denying a Certificate of Appealability |
| Respondent | ) ) | |

Proceeding *pro se*, California state prisoner Gary Dale Barger ("petitioner") filed a document entitled "Petition for a Writ of Habeas Corpus" in the United States District Court for the Northern District of California on September 4, 2014 ("Petition"). The Northern District transferred the Petition to this district for the ostensible reason that petitioner "challenges a conviction he suffered in the Ventura County Superior Court."

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it plainly appears that the Petition does not seek relief cognizable in federal habeas review. For the reasons that follow, the Court will summarily dismiss the Petition, without prejudice, and will deny a certificate of appealability.

Petitioner is a California state prisoner, who frequently proceeds in federal court litigation under the name Gary Francis Fisher.[1]  A 2006 Ventura County Superior Court conviction is referenced on page 1 of the Petition, but the Petition thereafter fails to provide any meaningful information about that conviction. As his first habeas claim, petitioner alleges, in full: "Attempted murder on me put me in the hospital and I never received my mail. And if I did I was so injured I couldn't tell the difference." (Petition at 5.)  As his second habeas claim, petitioner states only "Traumatic Brain Injury," and in the supporting facts for the claim, he states, "Mail justification." (*Id.*)  He further asserts, "The mail wasn't very trustworthy." (*Id.*) No additional claims are alleged within the Petition form.  However, in an attachment to the Petition, petitioner complains that: he is being deprived of his right to use the prison law library; several prisons at which he has been housed have scrutinized his confidential legal mail; and his mental health disorder "complicates" his ability to understand the law. (Petition attachment at 1-2.)

Generally, a state prisoner challenging the fact or duration of his state conviction or sentence on the ground of alleged violations of federal rights, and seeking release from imprisonment as a result, does so by way of a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973); *Sisk v. Branch*, 974 F.2d 116, 117 (9th Cir. 1991).  By contrast, challenges to a prisoner's conditions of confinement must be brought through a civil rights action, rather than through a habeas corpus petition.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004) ("Traditionally, challenges to prison conditions have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition.").  A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser*, 411 U.S. at 500, 93 S. Ct. at 1841.  "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance."  *Nelson v.*

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of petitioner's numerous filings in this district under the names Gary Francis Fisher and Gary Dale Barger. The Court also takes judicial notice of the contents of the files and records for petitioner's prior cases in this district, including the fact that, in November 2013, petitioner was attacked by another prisoner and injured.

*Campbell*, 541 U.S. 637, 643, 124 S. Ct. 2117, 2122 (2004).

Notwithstanding petitioner's utilization of a generic habeas petition form, it is apparent that he seeks to pursue a civil rights claim based on his November 2013 injury and related matters, including his claims that he did not receive his mail once he was injured, his confidential mail has been scrutinized, and he has not received law library access. These are claims attacking the conditions of petitioner's confinement and, thus, sound in civil rights, not habeas. In addition, as relief, petitioner appears to seek an order directing that he be provided with counsel to assist him in future legal matters and proceedings. (*See* Petition attachment, *passim*.) Petitioner thus seeks relief that is not available through a habeas action. *See Douglas v. Jacquez*, 626 F.3d 501, 504 (9th Cir. 2010) ("The power of a federal habeas court 'lies to enforce the right of personal liberty' . . . [and as] such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'") (citations omitted). Petitioner's claims, therefore, must be raised by way of a civil rights complaint, rather than through a habeas petition.

While the Court may construe a flawed habeas petition as a civil rights action, *see Wilwording v. Swenson*, 404 U.S. 249, 251, 92 S. Ct. 407, 409 (1971), converting the Petition to a 42 U.S.C. § 1983 complaint would be improper for numerous reasons, including that: (1) the Petition was not accompanied by the $400 filing fee; (2) the Petition was not accompanied by a certified trust account statement covering the past six months as required by 28 U.S.C. § 1915(a); (3) the Petition was not accompanied by an authorization by petitioner to have the $400 filing fee deducted from his trust account pursuant to 28 U.S.C. § 1915(b); (4) petitioner is not incarcerated within this district and does not seek relief directed at anyone located within this district, and thus, the Central District is not a proper venue for his claims; (5) there is no evidence that petitioner has exhausted his administrative remedies, a prerequisite to filing a civil rights

action;[2] (6) no viable Section 1983 claim has been stated against the sole named respondent[3]; and (7) petitioner has incurred three or more prior "strikes," and the allegations of the Petition do not plausibly indicate that he faced an imminent danger of serious physical injury at the time the Petition was filed.[4]

Accordingly, based upon the foregoing, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition without prejudice.

In addition, under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a state court" unless the appellant first obtains a certificate of appealability ("COA"). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a COA is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000).

---

[2] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 531 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001).

[3] The sole named respondent is said to be the Director of "Ops" at the California Department of Corrections and Rehabilitation. The Petition is bereft of allegations with respect to the named respondent, such as what he or she did or did not do, and utterly fails to identify what conduct by him or her allegedly violated the United States Constitution. The Petition thus appears to constitute an attempt to hold respondent vicariously liable, premised on the doctrine of respondeat superior, for the actions or inactions of prison staff members. Such respondeat superior claim is not cognizable under Section 1983. *See* Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (2009).

[4] Petitioner filed a civil rights complaint in the United States District Court for the Eastern District of California, in *Fisher v. Director of Ops of CDCR*, Case No. 14-cv-1232-EFB P, which raises many of the same claims as are alleged in the instant Petition. On August 5, 2014, the Eastern District dismissed that action, finding that petitioner had sustained at least three prior "strikes" within the meaning of 28 U.S.C. § 1915(a) and did not plausibly allege any imminent danger of serious physical injury, given that, as here, he complained of past events at other institutions.

Furthermore, this Court has previously determined that petitioner has sustained well in excess of three prior "strikes." *See* July 7, 2014 Order in *Barger/Fisher v. CDCRs ADA Coordinators et al.*, Case No. CV 14-4777-UA (MAN). As a result, because the Petition does not contain any plausible allegation that petitioner currently faces any imminent danger of serious physical injury based upon the matters of which he complains, nor can any such danger be implied from the Petitioner's allegations, however liberally they are construed, Section 1915(g) prohibits petitioner from proceeding in this action without prepayment of the full filing fee.

Reasonable jurists would not find it debatable that the petition does not seek cognizable federal habeas relief, should not be converted to a civil rights complaint, and should be dismissed without prejudice. Accordingly, the Court concludes that a COA is unwarranted and, thus, a certificate of appealability is DENIED. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the United States Court of Appeals for the Ninth Circuit.

As required by FED. R. CIV. P. 58(a), judgment will be issued separately.

IT IS SO ORDERED.

DATED:   October 8, 2014.

*Valerie Baker Fairbank*
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE